misdemeanor theft, and his punishment fixed at a fine of $25 and one hour in jail.

Appellant was the owner of a garage in Waco. Ed Justice worked for him. Justice decided to quit. A friend who owned an automobile came to appellant's garage with Justice to get the latter's tool box. It was taken out and placed on the running board of the car. Appellant said he wanted to look in said tool box and see if any of his tools were in there, and took the tool box from the running board of said car and carried it just inside of his garage and opened it. While he was searching through its contents Justice got in the car with his friend and went to the county attorney's office, and filed a complaint against appellant for theft of said tools. Appellant found in said tool box three wrenches belonging to him. After completing his search through the tool box and removing therefrom his wrenches, said tool box was closed and placed against the wall of the garage, where it remained apparently undisturbed until the day of this trial. It was brought into the courtroom and shown to Justice, who examined same and stated to the jury that all of his tools were in said box. We are unable to perceive the establishment of a single element of theft by this evidence. It is to be regretted that cases having so little support are permitted to come to appellate courts upon appeal.

The judgment of the trial court will be reversed, and the cause remanded.

---

## MEYER v. STATE. (No. 6887.)

(Court of Criminal Appeals of Texas. April 12, 1922.)

Intoxicating liquors ⚫139, 202—Indictment must allege possession for purpose of sale, as mere possession is not an offense.

Under Acts 37th Leg. (1921) 1st Called Sess. c. 61, amending the Dean Law (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), possessing intoxicating liquor is not an offense, unless had for the purpose of sale, indictment is deficient, unless it alleges that such possession is for the purpose of sale.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Allen Meyer was convicted of possessing intoxicating liquor, and he appeals. Reversed, and prosecution dismissed.

Harrell & Starnes, of Greenville, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Hunt county of the offense of possessing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Since the adoption of the amendment to the Dean Law by the First Called Session of the Thirty-Seventh Legislature (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), the offense of possessing intoxicating liquor has been so changed as that it is no longer a violation of the law to possess same, except when had for purposes of sale. We have uniformly held that it is necessary that the indictment contain an allegation that such possession is for the purpose of sale.

There being no such charge in the instant case, the indictment is fatally defective, and it becomes necessary to order a reversal, and that the prosecution be dismissed, which is accordingly done.

---

## WARE v. STATE. (No. 6820.)

(Court of Criminal Appeals of Texas. April 12, 1922.)

Criminal law ⚫938(1) — New trial refused, where evidence not shown to have been discovered since trial and ordinary diligence was not exercised.

Where defendant was convicted of incest, an affidavit of his wife that on the night of the alleged offense she slept in the room with defendant and prosecutrix, and defendant committed no crime, was not sufficient to warrant granting a new trial because of newly discovered evidence; it not being shown that the evidence was discovered since trial and could not with ordinary diligence have been discovered sooner.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

W. H. Ware was convicted of incest, his motion for a new trial was refused, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted for incest with his stepdaughter, punishment being assessed at 10 years' confinement in the penitentiary. It would serve no good purpose to set out the evidence. To our minds it is amply sufficient to support the verdict. The evidence corroborating that of the stepdaughter is sufficient to meet the requirement of the law.

In his motion for new trial appellant sets up newly discovered evidence, and attaches thereto the affidavit of his wife to the effect that on the night of the 24th day of August, 1921 (the date on which the offense is alleged to have occurred), she slept in the room with

appellant and prosecutrix, and that she heard no rattling of bed springs in the room where they were sleeping, and heard no talk between them, and that; if appellant had gotten in bed with prosecutrix, she would and could have heard it, and that she is positive he did not do so. Nowhere in the motion for new trial does appellant allege that these facts were not known to him at the time of the trial, nor does he assert that for the first time he became aware of what his wife would testify to after his conviction. The evidence all through the record shows that his wife, himself, and prosecutrix had been occupying the room where the offense is alleged to have occurred, and there is no reason apparent to us why appellant should not have known what his wife's testimony would have been, if he sought to use her as a witness. There is no pretense that she concealed from him or his attorney any fact known to her.

Where a party convicted seeks a new trial on the ground of newly discovered evidence, in addition to setting forth the facts in which the new testimony consists, accused must satisfy the court that the new testimony has come to his knowledge since the trial, and that it was not owing to any want of diligence that it was not discovered sooner; and a new trial will not be granted for alleged newly discovered evidence which could have been obtained at the trial by the use of ordinary diligence. See many cases collated under section 198, p. 126, Branch's Anno. P. C. Appellant has not even approached the fulfillment of the requirements relative to newly discovered evidence to authorize a new trial.

The judgment of the trial court is affirmed.